KROGER GROCERY & BAKING COMPANY v. TURNER.

4-4447

Opinion delivered November 30, 1936.

*Owens & Ehrman,* for appellant.

*G. W. Lookadoo* and *William F. Denman,* for appellee.

BUTLER, J. Mrs. C. T. Turner brought suit against Kroger Grocery & Baking Company, the appellant, and recovered judgment in the sum of $1,000. The suit was brought on the theory that appellee had been made sick because of unwholesome sausage she had eaten which had been purchased from the appellant company a short time before by her husband and which the appellant knew, or should have known in the exercise of ordinary care, was unwholesome and unfit for human consumption.

The verdict and judgment is challenged on appeal on the sole ground that the evidence was not legally sufficient to sustain the same. The testimony, in some important particulars, is in sharp conflict, but, when viewed in the light most favorable to the appellee, and giving to it, together with the inferences reasonably deducible therefrom, its greatest weight, we are of the opinion that it is sufficient to support the verdict.

A retail dealer is charged with the exercise of ordinary care in selling sound and wholesome products to customers in order to protect them against impurities that might ordinarily be discoverable by any usual test. *Great Atlantic & Pacific Tea Company* v. *Gwilliams,* 189 Ark. 1037, 76 S. W. (2d) 65. We think there is testimony which leads to the reasonable inference that the sausage eaten by appellee was unwholesome and the cause of her illness; also, that appellant's manager knew of its unwholesome character before the sale was made to appellee's husband.

On the first point a number of witnesses testified that they became ill after eating sausage purchased from the appellant on or about the date of the sale to appellee's husband. On the day of this sale, or a day or two before, a shipment of fifty pounds of sausage was received by appellant, and it was from this supply that the various purchases were made about which the witnesses testified. On the second point a witness testified that she had purchased some sausage before noon of the 29th of April,

1933, the day of the purchase by appellee's husband, and ate some of it at her noon meal; that she became ill and later in the afternoon went to appellant's place of business and complained of the sausage; that she and the manager inspected it and found it to be impure, or, as witness stated, "spoiled." It was in evidence that appellee's husband had purchased his sausage about six or seven o'clock in the evening, which was after the inspection at the request of the witness who had purchased some of the sausage in the forenoon. The testimony of this witness was disputed by appellant's manager, but this conflict was resolved by the jury against the appellant, and we must accept as a fact the conclusion reached. It necessarily follows that after the discovery of the impurity of the sausage, appellant was negligent to vend it to others, and the circumstances are such as to raise the reasonable inference that appellee's illness was caused by eating unwholesome sausage.

The judgment of the trial court is affirmed.